JS - 6

# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-153-VAP (RZx)                                               Date:  May 7, 2009

Title:       WILLIAM LUNA and PAULA BEADLE-LUNA -v- FIRST NATIONAL INSURANCE COMPANY OF AMERICA; OMEGA PERSONAL SERVICES CORPORATION; and Does 1-100, inclusive

================================================================

PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                         None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                          DEFENDANTS:

    None                                                    None

PROCEEDINGS:      MINUTE ORDER REMANDING TO SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

       On March 16, 2009 the Court issued an Order to Show Cause why this Court had subject matter jurisdiction.  The parties timely responded.  After reading and considering the submissions of all parties, the Court REMANDS the action to the California Superior Court for the County of Riverside.

       Plaintiffs William and Paula Luna ("Plaintiffs") brought suit against defendants First National Insurance Company ("First National") and Omega Personal Services Corporation ("Omega") in a Complaint filed November 26, 2008.  In the initial Complaint, Plaintiffs asserted claims for fraudulent concealment and general negligence against First National and Omega.  In connection

EDCV 09-153-VAP (RZx)
WILLIAM LUNA, et al., v FIRST NATIONAL INSURANCE COMPANY OF AMERICA
MINUTE ORDER of May 13, 2009

with the claim for fraudulent concealment, Plaintiffs alleged First National knew its system for estimating insurance coverage was faulty but that Omega, like Plaintiffs, was ignorant of this defect. (First National Response 5; Compl. ¶¶ 20-35.)[1] Plaintiffs named Omega in their general negligence claim but did not include any allegations against Omega.

First National removed the action to this Court, asserting Omega was a sham defendant. (Notice of Removal 4.) Pursuant to Williams v. Costo Wholesale Corporation, 471 F.3d 975, 977 (9th Cir. 2006), the Court may only consider the removed Complaint on a motion to remand. Here, the Complaint contained no valid cause of action against Omega. Accordingly, the Court had jurisdiction over the Complaint.

Nevertheless, Plaintiffs filed a First Amended Complaint ("FAC") on February 5, 2009. The first claim still states that Omega likely did not know that First National's computer program was defective. (FAC ¶ 28.) Nevertheless, it states a claim against Omega, by alleging that a representative of Omega reviewed Plaintiffs' coverage with Ms. Luna and assured her, without any reservation, that the insurance was adjusted every year and she had adequate coverage. (FAC ¶¶ 38-40.)

In response to the Order to Show Cause, Plaintiffs cited authorities holding an insurance agent, through his statements, can create a duty toward the insured which gives rise to a claim. See, e.g., Paper Savers, Inc. v. Nacka, 51 Cal. App. 4th 1090, 1097 (1997) ("an insurance agent may also assume a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage"); Free v. Republic Ins. Co., 8 Cal. App. 4th 1726, 1729 (1992) ("Clearly defendants were not required under the general duty of care they owed plaintiff to advise him regarding the sufficiency of his liability limits or the replacement value of his residence. [citation.] Nonetheless, once they elected to respond to his inquiries, a special duty arose requiring them to use reasonable care.").

Defendants go to some length to distinguish these cases. First, they assert the written disclosures provided to Plaintiffs annulled any duty created by Omega's speech. See Everett v. State Farm General Ins. Co., 162 Cal. App. 4th 649 (2008). Here, as in Everett, the insurance contract contained an integration clause. (See FAC Ex. A 23 (policy terms cannot be changed or waived except by endorsement).) The integration clause does not automatically bar recovery here because it is not clear that the information on which Plaintiffs seek to rely directly contradicts the

---

[1] "What plaintiffs did not know, and likely OMEGA as well, is that the number generated by FIRST NATIONAL's Replacement Cost estimator was grossly off the mark and thus highly unreliable as an indicator of 100% Replacement Cost. These facts were known only to FIRST NATIONAL and were not disclosed to the plaintiffs." (Compl. ¶ 28.)

EDCV 09-153-VAP (RZx)
WILLIAM LUNA, et al., v FIRST NATIONAL INSURANCE COMPANY OF AMERICA
MINUTE ORDER of May 13, 2009

terms of the integrated contract.  Rather, the alleged oral statements go to the adequacy of the coverage and the Court is not aware of any provision in the policy stating the coverage is inadequate.

      Moreover, in Everett the defendant sent plaintiff a writing on which it relied to limit its liability; after receiving the writing, plaintiff did not ask the insurance agent to review her policy coverage with her.  162 Cal. App. 4th at 662.  Here, in contrast, Plaintiffs received a writing about their coverage, instructing them to contact their insurance agent if they had questions: "If you do not understand any part [of your policy] or have questions about what it covers, contact your insurance agent or company."  (FAC Ex. A 27.)  Ms. Luna acted on this instruction and then relied on Omega's statements about whether Plaintiffs' coverage was sufficient.  Everett does not foreclose recovery for her because the plaintiff in that case did not receive assurances after she received her insurer's disclosures.  See Everett, 162 Cal. App. 4th at 662.

      Defendants also seek to distinguish Paper Savers, Free, and Desi v. Farmers Insurance, 47 Cal. App. 4th 1110 (1996), but the differences cited go to the degree of representations, rather than their presence.  (Omega Response 7-9; First National Response 8-14.)  These differences of degree do not demonstrate that, as a matter of law, no recovery from Omega is possible.

      Accordingly, the Court declines to conclude Omega is a sham defendant. Omega is a California corporation and Plaintiffs reside in California.  There is no complete diversity here and the Court remands the case to Riverside Superior Court pursuant to 28 U.S.C. section 1446(e).

      Defendant asserts the Court should retain jurisdiction because it claims Plaintiffs are forum-shopping.  Here, as in Desert Empire Bank v. Insurance Company of North America, 623 F.2d 1371, 1376 (9th Cir. 1980), the facts do not suggest Plaintiffs had any improper motive in seeking to amend their claim against Omega, the non-diverse defendant.  In Desert Empire, the Court permitted amendment to add a non-diverse party after the parties argued a motion for summary judgment.  623 F.2d at 1376.  There, the district court invited or encouraged amendment.  Id.  The Ninth Circuit upheld amendment because the added party was heavily involved in the alleged facts.  Here, as in Desert Empire, Omega is heavily involved in the facts on which Plaintiffs bring suit.  Here, as in Desert Empire, the Court does not find that Plaintiffs' actions suggest improper motives.

      **IT IS SO ORDERED.**

EDCV 09-153-VAP (RZx)
WILLIAM LUNA and PAULA BEADLE-LUNA v FIRST NATIONAL INSURANCE COMPANY OF AMERICA; OMEGA PERSONAL SERVICES CORPORATION; and Does 1-100, inclusive
MINUTE ORDER of April 28, 2009